IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES JOHNSON,                              )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )          No.  08-2614-WEB-DWB
                                            )
SEDGWICK COUNTY SHERIFF'S                   )
DEPARTMENT,                                 )
                                            )
                Defendant.                  )
_____)


**<u>Memorandum and Order</u>**

This matter is before the court on Defendant's Motion to Dismiss (Doc. 5), and Plaintiff's

Motion for Reconsideration of Transfer (Doc. 11).

I.  *<u>Background</u>*.

Plaintiff filed this pro se action on December 8, 2008.  The complaint alleged that the

defendant violated plaintiff's rights under Title VII, the ADA, and 42 U.S.C. § 1981, by

terminating plaintiff's employment.  Doc. 1.  Plaintiff designated Kansas City, Kansas, as the

place of trial.

On December 18, 2008, defendant Sedgwick County Sheriff's Department filed a motion

to transfer the case to the Wichita, Kansas, division of court. Doc. 3.  It also filed a separate

motion to dismiss, asserting that the Sheriff's Department was not a legal entity subject to suit

under Kansas law.  Doc. 5.[1]  On December 21, 2008, plaintiff filed a motion for leave to amend

the complaint.  Doc. 7.  The motion stated that plaintiff would like to add Sheriff Gary Steed as a

_____

[1] The defendant is represented on the motion by the Sedgwick County Counselor's office.

party defendant.

On January 22, 2009, Magistrate Judge Gary Sebelius issued two orders. First, he denied plaintiff's motion amend to the complaint, noting that plaintiff failed to state the basis of any claim against Mr. Steed and also failed to attach a copy of his proposed amended pleading. The denial was without prejudice. Doc. 8. Second, the Magistrate granted defendant's motion to transfer the case to Wichita. The Magistrate noted that plaintiff had failed to respond to the request, and thus the motion was uncontested, but the Magistrate nevertheless proceeded to address and weigh the factors pertinent to a transfer. He found the balance of factors "strongly" weighed in favor of the transfer. Doc. 9.

II. *Motion to Reconsider Transfer*.

Plaintiff contends there are various factors not considered by the Magistrate that weigh against a transfer to Wichita. For example, he says that although most of the witnesses are in Wichita, some of these people have told him they have friends or relatives in Kansas City with whom they stay on occasion. Plaintiff further says he does not think he can get a fair trial in Wichita because the defendant "has in place some of the wheels needed to move the court to rule in their favor." Doc. 16 at 2. He also says that he can obtain counsel in Kansas City, but not in Wichita. Finally, he says the defendant has misrepresented the nature of his use of a post office box in the Newton area. His motion explains that the post office box belongs to his wife.

A motion to reconsider must be based on (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan.R. 7.3. Plaintiff's arguments do not merit reconsideration of the order to transfer. The fact that some of the witnesses could make arrangements to stay with friends or

relatives in Kansas City does not overcome the strong interest in having the trial in Wichita, where nearly all of the witnesses live.  As for plaintiff's belief that he cannot get a fair trial in Wichita, his arguments are wholly speculative.  The fact that he may have previously lost a grievance hearing in Wichita does not demonstrate that he cannot get a fair trial.  The Magistrate carefully – and in this court's view correctly – weighed the factors that determine whether transfer is appropriate.   The motion to reconsider the order of transfer is denied.

III.  *Motion to Amend Complaint & Motion to Dismiss*.

Liberally construed, plaintiff's motion filed January 26, 2009 (Doc. 11) also appears to be a request for leave to file an amended complaint.  A copy of an "amended complaint" is attached to the motion.  The only change in the amended pleading from the original complaint, however, appears to be that "Sheriff Gary Steed" was added to the caption of the document and to a paragraph identifying the parties.  The pleading itself contains no specific allegations pertaining to Mr. Steed and does not allege that he had any part in plaintiff's termination.  The defendant's response states that it "does not object in principal to plaintiff being permitted to amend his Complaint," but that plaintiff's proposed pleading is deficient.  Doc. 14 at 1.

Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.  The decision whether to allow a proposed amendment rests within the discretion of the trial court.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's proposed amended complaint is deficient in at least two respects.  First, as

3

defendant notes in its motion to dismiss, the "Sedgwick County Sheriff's Department" is not a legally recognized entity that can be sued in Kansas. *See Wright v. Wyandotte County Sheriff's Dept.*, 963 F.Supp. 1029, 1035 (D. Kan. 1997) (sheriff's department is a subordinate government agency and is not an entity with the capacity to be sued); *Barngrover v. County of Shawnee*, 2002 WL 1758914 (D. Kan. 2002). *See also* Fed.R.Civ.P. 17(b).  Section 19-105 of the Kansas Statutes provides in part that any suit against a county shall be brought against the board of county commissioners of that county.  Thus, if plaintiff intends to sue Sedgwick County, any amended complaint he files must name the Board of County Commissioners of the County of Sedgwick as a defendant.  Secondly, plaintiff's attempt to name Sheriff Gary Steed as a defendant is deficient because (as the Magistrate pointed out) the proposed amended complaint contains no allegations to show that he had any part in the acts that plaintiff contends violated his rights.   Additionally, with respect to any attempt to assert claims against Mr. Steed personally under Title VII or the ADA, those statutes provide remedies against "employers" but do not permit recovery against individual supervisors. *See Butler v. City of Prairie Village, Ks.*, 172 F.3d 736 (10th Cir. 1999).

 As Judge Robinson noted in *Creamer v. Ellis County Sheriff Dept.*, 2009 WL 484491 (D. Kan., Feb. 26, 2009), courts are hesitant to dismiss complaints of pro se plaintiffs on the basis of inartful pleadings.  The Federal Rules of Civil Procedure favor decisions on the merits rather than on the basis of technical pleading requirements. *Forman v. Davis*, 371 U.S. 178, 181-82 (1962).  Moreover, defendant does not argue that any attempt by plaintiff to cure the deficiencies outlined above would necessarily be futile.

Accordingly, the court will grant plaintiff leave until April 6, 2009, to file an amended

4

complaint curing the legal deficiencies described above.  The court will deny defendant's motion to dismiss the complaint at this time, without prejudice to the defendant re-asserting the motion after plaintiff's time for amending the complaint has expired.

IV.  *Conclusion*.

Plaintiff's Motion to Reconsider Transfer (Doc. 11) is DENIED.  Defendant's Motion to Dismiss (Doc. 5) is DENIED without prejudice.  Plaintiff shall have until April 6, 2009, to file an amended complaint.  IT IS SO ORDERED this   9th   Day of March, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge