**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JAMES JOHNSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SEDGWICK CO. SHERIFF'S DEPT,** )<br>**et al.,** )<br>)<br>**Defendants.** )<br>)<br>) | Case No. 08-2614-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. Plaintiff's Motion to Add Discovery (Doc. 44);

    2. Plaintiff's Motion to Add Discovery (Doc. 49);

    3. Plaintiff's Motion to Compel (Doc. 53);

    4. Plaintiff's Amended Motion to Add Discovery (Doc. 54); and

    5. Plaintiff's Amended Motion to Compel (Doc. 55).

The rulings are set forth below.

**1. Motion to Add Discovery (Doc. 44)**

Although captioned and docketed as a "motion," docket entry 44 is a list of witness names and addresses. The court does not construe docket entry 44 as a "motion." However,

for housekeeping and administrative purposes, the "motion" shall be deemed DENIED.[1]

**IT IS THEREFORE ORDERED** that plaintiff's "motion" **(Doc. 44)** is **DENIED.**

**2. Motion to Add Discovery (Doc. 49) and Motion to Compel (Doc. 53)**

Docket entry 49 contains fifteen interrogatories and is also captioned and docketed as a "motion." However, docket entry 49 has been amended and superseded by docket entry 54. Docket entry 53 has similarly been amended and superseded by docket entry 55. Accordingly, docket entries 49 and 53 are MOOT.

**IT IS THEREFORE ORDERED** that plaintiff's motion to add discovery **(Doc. 49)** and motion to compel **(Doc. 53)** are **MOOT.**

**3. Amended Motion to Add Discovery (Doc. 54)**

Plaintiff's amended motion to add discovery seeks to compel Gary Steed to answers sixteen interrogatories. The court has reviewed Mr. Steed's interrogatory answers and objections and is not persuaded that he should be compelled to provide additional answers. Accordingly, plaintiff's motion shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's amended motion to add discovery **(Doc. 54)** is **DENIED.**

---

[1] The court's electronic docketing system will continue to show docket entry 44 as a "pending motion" unless the court takes affirmative action to correct the docket. The court's ruling resolves this docketing anomaly.

**4. Amended Motion to Compel (Doc. 55)**

Plaintiff seeks to compel former sheriff Gary Steed to provide his social security number and date of birth so that plaintiff can confirm that the former sheriff is the same "Gary Steed" named in another lawsuit. The court is not persuaded that the requested information is relevant and/or necessary to issues in this case. Plaintiff has not explained how the "other" lawsuit and former sheriff Steed's involvement is relevant to this case. Equally important, plaintiff can simply ask defense counsel whether former sheriff Steed is the same "Steed" named in the "other" lawsuit. Under the circumstances, plaintiff's motion to compel Gary Steed's social security number and date of birth is DENIED.

Plaintiff also seeks to compel a "report" from Major Daniel E. Bardezbain. Major Bardezbain is retired and defendants counter that they "are unaware of any written report by Major Bardezbain" other than some hand-written comments in the materials produced to plaintiff. Moreover, the "report" is not in the personnel or department file, the most likely locations for a report on plaintiff's job performance. Defendants argue that plaintiff should be required to provide more specific information before entry of an order compelling production.

The court agrees. Plaintiff provides no information concerning the content of the report for a relevance determination. Further, plaintiff presents no information which will focus defendants' search for the "report." Accordingly, the request to compel Major Bardezbain's report shall be DENIED WITHOUT PREJUDICE, pending plaintiff's presentation of additional information to defendants.

Finally, plaintiff seeks to compel his "entire bureau file." Defendants object to

producing the entire file because the file contains irrelevant material such as signed health insurance forms and copying such material would be cumbersome and expensive. The court agrees. Plaintiff has not shown that the requested "entire bureau file" is relevant to the claims in this lawsuit; thus, his request to compel his "entire bureau file" is DENIED.[2]

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 55)** is **DENIED**, consistent with the rulings herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of October 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[2] Defendants have produced (1) all of the disciplinary violations from 2004 to 2007 that led to his termination, (2) performance evaluations for 2004 to 2007, (3) evaluations from 1999 to 2003, and (4) hard copies of email, reports and other memoranda related to plaintiff's performance during the probation period.